IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGEL THOMPSON<br><br>    Plaintiff,<br><br>v.<br><br>EMPIRE AUTO PARTS, LLC,<br><br>    Defendant. | Civil Action<br>No. 1:23-cv-5701-SEG-CMS<br><br>JURY TRIAL DEMANDED |

# FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Angel Thompson ("Plaintiff"), by and through her undersigned counsel, and files this, her Complaint for Damages against Defendant Empire Auto Parts, LLC ("Defendant") and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and attorney's fees against Defendant for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). While Plaintiff's Charge references Empire Auto Parts GA, LLC, Defendant had full and ample notice of the Charge as Defendant submitted a substantive Position Statement to the EEOC, in response the Charge. The EEOC issued Plaintiff's Notice of Right to sue on December 4, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, GA, 30046.

## FACTS

9.

Plaintiff began working for Defendant, on or about January 26, 2023, as a Driver.

10.

In the Driver role, Plaintiff would deliver items to clients and return items from clients to her work facility after delivering such items.

11.

In or about early February 2023, when Plaintiff walked into a room, Brandon, the Dispatcher, had purposefully laid on a table and bared his butt so Plaintiff could see it.

12.

The next day, Plaintiff told Brandon that what he had done was unacceptable.

13.

Shortly thereafter, Plaintiff reported the incident to Defendant's Human Resources representative, Antoinette Warren, and the General Manager of the facility, Jhassan Hammad. Plaintiff was told the incident would be investigated.

14.

Brandon was in charge of ensuring trucks were ready to go and assigning trucks.

15.

After her reports, Brandon began to retaliate against Plaintiff by assigning her trucks that had maintenance issues.

16.

Plaintiff's trucks would now consistently have lights on the dashboard on.

17.

As an example, Plaintiff once had to refuse to drive a truck because the gas cap had been replaced with a cup from QT, a gas station.

18.

Another time, Plaintiff refused to drive a vehicle with a nail in the tire.

19.

Shortly thereafter, Brandon told management he had fixed the issue, but Plaintiff was then made to drive the same truck, which still had a nail in the tire.

20.

Another time, Brandon approved a truck to leave that was assigned to Plaintiff that was so fully packed with front bumpers that when Plaintiff braked while transporting them, they came into the front cabin of her vehicle and made physical contact with her head.

21.

Plaintiff sustained an injury and had to take time off as a result.

22.

Brandon would also make sure that Plaintiff was the last, or close to the last person to leave Defendant's facility every day.

23.

Then, in or about early April, Brandon again showed his buttocks to Plaintiff again, this time pulling his pants down while he was already in Plaintiff's view.

24.

The Human Resources person for the facility had been terminated, so Plaintiff reported the situation to Hammad and asked Hammad to give her the number to Human Resources so she could report the situation to them.

25.

Hammad refused to give Plaintiff the number for Human Resources.

26.

As a result, Plaintiff called another facility's Human Resources number to determine who she needed to contact.

27.

After Plaintiff contacted that facility, Hammad finally gave Plaintiff the number she needed to call to reach the appropriate Human Resources contact.

28.

Plaintiff called the number and reported the entire situation, including the retaliation she experienced, to Human Resources employee Veronica Cadwell-Boone.

29.

A week later, on or about April 25, 2023, Cadwell Boone and another Human Resources employee terminated Plaintiff.

30.

Although Plaintiff was told the reason for her termination was that she was "throwing things out of a truck," Plaintiff had been unloading and loading her vehicles the same way she always had.

31.

Additionally, as late as late March or early April 2023, Hammad had also told Plaintiff that she was doing a great job, and Plaintiff never received any negative feedback prior to her termination.

32.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is pretext.

33.

Plaintiff was treated less favorably in the terms or conditions of her employment than others outside of her protected class, i.e. individuals who had not reported sexual harassment or retaliation for reporting sexual harassment.

## COUNT I: Retaliation in Violation of Title VII

34.

Plaintiff re-alleges paragraphs 9-33 as if set forth fully herein.

35.

Defendant's actions (to wit, termination) because of her protected activity constitute unlawful intentional retaliation in violation of Title VII.

36.

Plaintiff engaged in protected activity under Title VII when she complained about sexual harassment and retaliation for complaining of sexual harassment.

37.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

38.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation, including lost wages, emotional disress caused by the retaliation. Plaintiff is also entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C) Grant Plaintiff general damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D) Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E) Grant Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F) Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G) Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(H) Award Plaintiff such further and additional relief as may be just and appropriate.

This 14th day of February, 2024.

        **BARRETT & FARAHANY**

        /s/ V. Severin Roberts
        V. Severin Roberts
        Georgia Bar No. 940504
        Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com